MICHAEL E. DERGOSITS (SBN 118206)
  email: mdergosits@dergnoah.com
RICHARD A. NEBB (SBN 146239)
  email: rnebb@dergnoah.com
DERGOSITS & NOAH LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 705-6377
Facsimile: (415) 750-6383

Attorneys for Plaintiff
METALLICUS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METALLICUS, INC. | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS** |
| v. | |
| PROTON TECHNOLOGIES AG. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Metallicus, Inc. ("Metallicus") brings this action against Defendant Proton Technologies AG ("PTAG") for declaratory judgment of federal trademark non-infringement and for Cancellation of PTAG's federal trademark registrations for PROTONCOIN and PROTONWALLET.

– 1 –

1

## JURISDICTION AND VENUE

2      1.      This Court has jurisdiction of this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §§

3  1331, 1332, 1338(a), 1338(b) 2201 and 2202, in that this case arises under the trademark laws of the

4  United States, 15 U.S.C. §1051 et seq. and there is diversity of citizenship between the Parties. This

5  Court has personal jurisdiction over Defendant PTAG in that PTAG conducts business in the State

6  of California and within this district, including the advertising and sale of hosted services to

7  California residents, as well as the maintenance of a Customer Support Center in San Francisco, and

8  the existence of PTAG's computer servers in San Jose, California and Los Angeles, California.

9      2.      Venue is proper in this District under 28 U.S.C. §1391 (b), (c)(3) and (d) because

10  Defendant is a foreign resident, because Defendant is subject to personal jurisdiction in California,

11  because Defendant's contacts with this District are regular and purposeful, and because a substantial

12  part of the events giving rise to the claims in this action arose in this District. Assignment to this

13  division is proper because a substantial part of the events or omissions giving rise to the claims

14  occurred in the City and County of San Francisco, including the delivery of a cease and desist letter.

15

16                    ## INTRADISTRICT ASSIGNMENT

17      3.      Pursuant to Civil Local Rule 3-2(c), this is an intellectual property action to be

18  assigned on a district-wide basis.

19

20                            ## THE PARTIES

21      4.      Plaintiff Metallicus, Inc. (Metallicus) is a corporation organized in accord with the

22  laws of Delaware and having a principal place of business at 660 4th Street, Suite 107, San

23  Francisco California 94107.

24      5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Proton

25  Technologies AG (PTAG) is a corporation organized in accord with the laws of Switzerland, with a

26  principal place of business at Route de la Galaise 32,1228 Plan-les-Ouates, Geneva, Switzerland.

27                            ## BACKGROUND

28      6.      On August 10, 2020, Metallicus filed Application Serial No. 90104206 for

– 2 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT
AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

registration of its PROTON mark on the Principal Register for *downloadable software application providing payment messaging and payment processing services* in Class 9 and *application service provider featuring application programming interface (API) software for payment messaging and processing* in Class 42 (Metallicus's' "PROTON Application" or "PROTON Mark").

7.    On December 9, 2020, the United States Patent and Trademark Office ("USPTO") issued an Office Action in Metallicus's PROTON Application in which PTAG's Federal Trademark Registration No. 5748625 for PROTONWALLET was cited against Metallicus's PROTON Application under Section 2(d) of the Lanham Act, and is impeding registration of Metallicus's PROTON Mark.

8.    On December 9, 2020, the United States Patent and Trademark Office ("USPTO") issued an Office Action in Metallicus's PROTON Application in which PTAG's Federal Trademark Registration No. 5668924 for PROTONCOIN was cited against Metallicus's PROTON Application under Section 2(d) of the Lanham Act, and is impeding registration of Metallicus's PROTON Mark.

9.    On December 31, 2020, Metallicus filed Petitions to Cancel PTAG's federal registrations for PROTONCOIN and PROTONWALLET at the USPTO on the basis that PTAG had never used the trademarks PROTONCOIN and PROTONWALLET. The Cancellations were assigned Proceeding No. 92076093 and No. 92076094, respectively, and currently remain pending.

10.    The Cancellation proceedings were suspended from July 21, 2021 through October 20, 2021, to permit the Parties to discuss settlement. When no settlement was reached by October 20, 2021, the Cancellations proceedings resumed.

11.    On October 27, 2021, Metal received a letter from Ms. Jennifer Barry, an attorney with the law firm Latham & Watkins LLP, in San Diego, California, who stated that her firm had been retained by PTAG "in connection with this trademark dispute." Ms. Barry demanded that within 10 days Metal immediately (i) "cease and forever desist" from using any trademark that incorporates the term "proton;" (ii) withdraw all pending applications for any proton-derivative trademark; and (iii) transfer all domain names and social media accounts containing the term "proton" to PTAG. A copy of that letter is attached as Exhibit A.

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

12.     Ms. Barry asserted that Metal's use of certain marks that included the term "proton" was trademark infringement under 15 U.S.C. § 1114(2); unfair competition and false designation of origin under 15 U.S.C. § 1125(a); and a violation of "several other [unspecified] state and federal laws," and threatened litigation to protect PTAG's intellectual property rights.

13.     Ms. Barry asserted broad rights in the term "proton" for "technology offerings" based on the federal registrations listed in Exhibit B.

14.     Ms. Barry's letter did not mention anything about the Cancellation proceedings. On November 30, 2021, in a telephone conference with Metallicus's undersigned counsel and his colleague Richard A. Nebb, defendant's counsel Dennis Mai of Latham & Watkins LLP repeated defendant's demand that Metallicus cease and desist from any use of PROTON.

15.     Notwithstanding the long-time California operations of its PROTONMAIL support center in San Francisco, and of its PROTONVPN servers in Los Angeles and San Jose, on information and belief, PTAG has not filed a Statement and Designation by Foreign Corporation with the Secretary of State for the State of California to qualify to transact intrastate business in California, and there is no agent designated for service of process.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of Trademarks)**

16.     Metallicus incorporates by reference the allegations of paragraphs 1-15.

17.     PTAG has asserted that Metallicus's use of the word "proton" constitutes trademark infringement, unfair competition and false advertising under federal laws, and is a violation of "several other [unspecified] state and federal laws."

PTAG has threatened litigation against Metal if Metal fails to comply with its demands.

18.     An actual, present and justiciable controversy has arisen between Metal and PTAG concerning Metallicus's right to use the word "proton" in branding efforts related to cryptocurrency and blockchain related services.

19.     Metallicus seeks a declaratory judgment from this Court that its use of the word Proton in branding efforts, in particular related to *downloadable software application providing*

– 4 –

*payment messaging and payment processing services* in Class 9, and *application service provider featuring application programming interface (API) software for payment messaging and processing,* providing on-line nondownloadable computer software for use as a cryptocurrency wallet in Class 42, and electronic wallet services, does not infringe any intellectual property right of PTAG, including those U.S. Trademark Registrations set forth in the Table below:

| Reg. No. | Mark | Good/Services |
|---|---|---|
| 4,754,889 | ProtonMail | IC 038 secure e-mail services |
| 4,751,245 | PROTONMAIL | IC 038 secure e-mail services |
| 5,214,849 | PROTONVPN | IC 038 providing virtual private network (VPN) services |
| 5,307,278 | PROTONDRIVE | IC 042 electronic data storage |
| 5,571,706 | PROTONCHAT | IC 038 Encrypted communications service that supports a wide range of online communications between any number of parties namely, transmission of voice, audio, visual images and data by telecommunications networks, wireless communication networks, the Internet, information services networks and data networks that allows one on one communication, many to one communication, and chat groups, features fully end-to-end encrypted communications and supports integrations with third party bots and applications, allowing common workplace tools to fully integrate with the communications service |

– 5 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

| Reg. No. | Mark | Good/Services |
|---|---|---|
| 6,059,685 | PROTONCALENDAR | IC 042 Providing on-line non-downloadable software for managing individual and group calendars and schedules |
| 6,337,643 | PROTON TECHNOLOGIES | IC 038 Providing electronic transmission of secure e-mail; Providing virtual private network (VPN) services. IC 042 Electronic data storage; Computer programming services for others for creating non-downloadable software for managing individual and group calendars and schedule. |
| 5,937,541 | PROTONAPP | IC038 Providing electronic transmission of secure e-mail; Providing virtual private network (VPN) services. |
| 6,050,983 | PROTONAPPS | IC038 Providing virtual private network (VPN) services via a software application; Providing electronic transmission of secure e-mail via a software application |

**SECOND CAUSE OF ACTION**

**(Cancellation of Trademark Registration No. 5,668,924**

**for PROTONCOIN Pursuant to 15 U.S.C. § 1064 (3))**

20.     Metallicus incorporates by reference the allegations of paragraphs 1-19.

21.     PTAG owns U.S. Trademark Registration No. 5,668,924 for the mark "PROTONCOIN" in Class 36 for *Financial services, namely, cryptocurrency payment processing, cryptocurrency trading services; Monetary affairs, namely, cryptocurrency payment processing, cryptocurrency trading services; Holding company services, namely, provision of investment capital, credit reporting and financial advising to subsidiaries and affiliated companies.* ("the '924 Registration").

22.     Metallicus has been and will continue to be damaged by the continued registration of the '924 Registration and hereby seeks to cancel the same on the basis of a failure to use the mark prior to application and abandonment due to non-use.

– 6 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

23.     Metallicus is engaged in the business of providing payment processing and messaging software and services.

24.     Metallicus has invested a great deal of time and money in promoting its business, and is continuing to spend substantial amounts of time and money in the promotion of same.

25.     On August 10, 2020, Metallicus filed Application Serial No. 90104206 for registration of its PROTON mark on the Principal Register for *downloadable software application providing payment messaging and payment processing services* in Class 9 and *application service provider featuring application programming interface (API) software for payment messaging and processing* in Class 42, ("Metallicus's "PROTON Application.")

26.     On April 20, 2018, PTAG filed Application Serial No. 87885770 for registration of PROTONCOIN on the Principal Register. PTAG's Mark was registered on February 5, 2019 and assigned Registration No. 5,668,924.

27.     On April 20, 2018, PTAG filed the following specimen with its application to substantiate its use in commerce in connection with the services associated with the PROTONCOIN application. The specimen appears to be a screenshot from PTAG's webpage located at www.protoncoin.com and contains a "subscribe now" field.



– 7 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

28.     Upon information and believe, Metallicus alleges the specimen does not show the mark in use in commerce as of April 20, 2018. Upon review from historical snapshots of PTAG's page at www.protoncoin.com, taken from the Wayback Machine internet archive, the "subscribe now" field in PTAG's specimen never appears. See **Exhibits C-G**, containing screenshots of PTAG's page taken on 6/19/18 (the earliest available screenshot on Wayback Machine), 10/4/18, 12/8/18, 2/11/19, and 8/1/19, respectively. None of these screenshots contain a "subscribe now" field as shown in PTAG's specimen which they submitted with their application.



29.     Upon information and belief, use of the term PROTONCOIN was under the direction and control of an entity which simultaneously controls the term PROTONMAIL, used in connection with secure email services. As seen in the screenshots above, the owners of the website states that PROTONCOIN is "a cryptocoin from the team behind ProtonMail." Current visitors of the website www.protoncoin.com are greeted with the following imagery, and text stating "You've arrived at a product that doesn't exist (yet)." (See Exhibit H.)

//
//
//
//
//
//
//
//
//

– 8 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

30.      On March 7, 2018, PTAG made a public communication through its official account on the social media page, Reddit, stating "ProtonMail team does intend to release a cryptocoin in the future…The real ProtonCoin, when it is released, will live at protoncoin.com and twitter.com/protoncoin." (See Exhibit I.)

31.      Upon information and belief, PTAG's account at the social media site Twitter demonstrates a failure to use the PROTONCOIN mark in commerce. The Twitter page for PTAG's account shows only two entries on March 19th and May 1st, 2018, announcing the launch of the official PROTONCOIN Twitter site and a second message containing mere commentary on cryptocurrencies. The header image on the page displays in large format "COMING SOON PROTON COIN". (See Exhibit J.)

32.      On July 24, 2018, PTAG made a public communication through its official account on the social media page, Reddit, stating the following (see Exhibit K):

• "protoncoin.com is indeed owned by ProtonMail, but the site contains no details as you might have noticed."

• "The existence of a site should not be taken to signify our immediate Intention to launch a product… It does however indicate that we are using the trademark and consider that to be protected IP (intellectual property)."

– 9 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

33.     On July 25, 2018, an article on the CryptoSlate webpage describes a letter CryptoSlate received from PTAG, in which PTAG "called our reports of 'ProtonCoin' ICO (Initial Coin Offering) and added while Proton Technologies indeed owns the protoncoin.com domain, there are no plans to pursue any related business in the future." (See Exhibit L.)

34.     In December 2018, a user on Reddit posted in the official Protoncoin page and directed at PTAG "Will protonmail user be notified? Will we be notified when [Protonmail] will release the coin?... Do you have a rough estimate as to when the coin will be released?... I'm excited about this cryptocoin idea." PTAG, through its official Reddit account, responded "when something happens we will let everyone know." (See Exhibit M.)

35.     On December 20, 2020, PTAG made a public communication through its official account on the social media page, Reddit, in response to a Reddit user's inquiry "Whatever happened to Protoncoin? Was it an April Fool's joke? 2 years ago proton seemed to be developing a cryptocurrency." PTAG's response, in relevant part, was that that user's comment was correct and that "We own the [protoncoin.com] domain, and other intellectual property around the name in order to prevent unauthorized/confusing use, but that doesn't mean we're working on this." See Exhibit N.

36.     Upon information and belief, potential consumers of PROTONCOIN services subjectively believe the mark has been abandoned. In December 2019, a user on Reddit posted in the official Protoncoin page "I just discovered [protoncoin], are there any updates?" One user responded to this inquiry: "No. I think the project is dead." Another user responded "It's been dead for a year now…the dead stuff are Protoncoin and Protonkey and i think theres like 2 other proects [sic]." (See Exhibit O.)

37.     On December 31, 2020, a review of PTAG's official pages for the PROTONCOIN services on the social media websites Twitter and Facebook prominently display the language "COMING SOON PROTON COIN" and no social media activity since 2018. (See Exhibits J and P.)

38.     On December 9, 2020, an Office Action was issued in Metallicus's PROTON Application in which the '924 Registration was cited against Metallicus's PROTON Application under Section 2(d) of the Lanham Act, and is impeding registration of Metallicus's PROTON Mark.

– 10 –

39.     Upon information and belief, even if PTAG had used the PROTONCOIN mark in commerce, it has since intentionally abandoned its mark and ceased to use it in commerce for any of the services identified in Registration No. 5,668,924, with no intent to resume use of PTAG's Mark.

40.     Upon information and belief, Metallicus alleges that PTAG failed to use the PROTONCOIN trademark before the time of filing the application to register the same. Metallicus alleges that PTAG had no intention of offering all the services claimed on the PROTONCOIN application. Metallicus alleges that, to date, PTAG has not sold in interstate commerce all the services alleged in the '924 Registration. Metallicus alleges that PTAG lacked the ability and willingness to use the PROTONCOIN trademark in the United States to identify all the services listed in the application at the time of the filing of the application.

41.     Upon information and belief, PTAG's website www.protoncoin.com, identified in the specimen filed April 20, 2018, was not being used to promote or advertise any of PTAG's services, and was never used in such a manner.

42.     The continued existence of the PROTONCOIN registration is likely to cause harm and damage to Metallicus in that Metallicus will be wrongfully prevented from registering its mark and enjoying the benefits that flow from such a registration, all to the detriment of Metallicus.

### THIRD CAUSE OF ACTION

**(Cancellation of Trademark Registration No. 5,748,625**

**for PROTONWALLET Pursuant to 15 U.S.C. § 1064 (3))**

43.     Metallicus incorporates by reference the allegations of paragraphs 1-42.

44.     PTAG owns U.S. Trademark Registration No. 5,748,625 for the mark "PROTONWALLET" in Class 36 for *Electronic wallet services, namely, credit and debit card payment processing services* and in Class 42 for *Providing on-line non-downloadable computer software for use as a cryptocurrency wallet* ("the '625 Registration").

45.     Metallicus has been and will continue to be damaged by the continued registration of the '625 Registration and hereby seeks to cancel the same on the basis of a failure to use the mark prior to application and abandonment due to non-use.

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

1    46.    Metallicus is engaged in the business of providing payment processing and messaging

2   software and related services, including cryptocurrency transaction and electronic wallet services for

3   storing and transacting cryptocurrencies..

4    47.    Metallicus has invested a great deal of time and money in promoting its business, and

5   is continuing to spend substantial amounts of time and money in the promotion of same.

6    48.    On August 10, 2020, Metallicus filed its Metallicus's PROTON Application.

7    49.    On April 4, 2018, PTAG filed Application Serial No. 87/863,151 for registration of

8   PTAG's Mark PROTONWALLET on the Principal Register. PTAG's Mark was registered on May

9   14, 2019 and assigned Registration No. 5,748,625, the '625 Registration.

10   50.    On April 4, 2018, PTAG filed the following specimen with its application to

11   substantiate its use in commerce in connection with the services associated with the

12   PROTONWALLET application. Upon information and belief, the specimen is a screenshot from

13   PTAG's webpage located at www.protonwallet.com and contains a "sign up" link (see Exhibit Q,

14   PTAG's specimen).



15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT
AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

The specimen is highly similar in imagery and written content to a historical snapshot of the protonwallet.com webpage taken from the Wayback Machine internet archive, once one dismisses the Wayback Machine imagery (see Exhibit R.)

51.     Upon information and belief, Metallicus alleges the specimen does not show the mark in use in commerce as of April 4, 2018.

52.     Upon information and belief, use of the term PROTONWALLET was under the direction and control of an entity which simultaneously controls the term PROTONMAIL, used in connection with secure email services. Current visitors of the website www.protonwallet.com are greeted with the following imagery, and text stating "You've arrived at a product that doesn't exist (yet)" (see Exhibit S.)



53.     PTAG's account at the social media site Twitter demonstrates a failure to use the PROTONWALLET mark in commerce. The Twitter page for PTAG's account shows no entries since the account's creation in August 2018. See Exhibit T, a screenshot of twitter.com/protonwallet. Social media activity on Twitter supports the same, with users directing messages to PTAG's Twitter accounts such as "If you guys develop a protonwalletfor cryptocurrencies, I will be the happiest guy in my village" and "we are waiting for [protonwallet]." See Exhibits U and V, "tweets" from February 12, 2019 and March 17, 2019, respectively.

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

54.     Upon information and belief, Metallicus alleges that consumers are subjectively unaware of any use in commerce of the PROTONWALLET mark because PTAG has not offered actual services in connection with PTAG's Mark. On March 23, 2019, a user on the social media page Reddit posted to PTAG's official PROTONWALLET page in Reddit: "Is this legit and from the creators of protonmail?" (See Exhibit W.)

55.     On December 9, 2020, an Office Action was issued in which the '625 Registration was cited against Metallicus's Application under Section 2(d) of the Lanham Act, and is impeding registration of Metallicus's Mark.

56.     Upon information and belief, Metallicus alleges that PTAG failed to use the PROTONWALLET trademark before the time of filing the application to register the same. Metallicus alleges that PTAG had no intention of offering all the services claimed on the PROTONWALLET application. Metallicus alleges that, to date, PTAG has not sold in interstate commerce all the services alleged in the '625 Registration. Metallicus alleges that PTAG lacked the ability and willingness to use the PROTONWALLET trademark in the United States to identify all the services listed in the application at the time of the filing of the application.

57.     Upon information and belief, even if PTAG had used the PROTONWALLET mark in commerce, it has since intentionally abandoned its mark and ceased to use it in commerce for any of the services identified in Registration No. 5,748,625, with no intent to resume use of PTAG's Mark.

58.     The continued existence of the PROTONWALLET registration is likely to cause harm and damage to Metallicus in that Metallicus will be wrongfully prevented from registering its mark and enjoying the benefits that flow from such a registration, all to the detriment of Metallicus.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  The Court enter judgment of non-infringement for Metallicus;

2.  That the Court cancel PTAG's '924 Registration;

3.  That the Court cancel PTAG's '625 Registration;

– 14 –

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS

4.  That Defendant be required to pay Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the acts herein complained of according to proof and that such damages be trebled because of the willful acts described herein as provided by 15 U.S.C. §1117;

5.  That Defendant be required to pay to Plaintiff all of its reasonable attorneys' fees and costs of this action; and,

6.  That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated:  December 10, 2021                         DERGOSITS & NOAH LLP


                                                  By: /Michael E. Dergosits/
                                                  Michael E. Dergosits
                                                  Attorneys for Plaintiff
                                                  METALLICUS, INC.

– 15 –

1

## **JURY DEMAND**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6,

3   Plaintiff hereby demands a trial by jury for all issues so triable.

4

5   Dated:  December 10, 2021                          DERGOSITS & NOAH LLP

6

7                                                      By:  /Michael E. Dergosits/
                                                          Michael E. Dergosits
8                                                         Attorneys for Plaintiff
                                                          METALLICUS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT
AND FOR CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS