UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METALLICUS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PROTON TECHNOLOGIES AG,<br><br>　　　　Defendant. | Case No. 21-cv-09562-HSG<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT OR DISMISS DECLARATORY JUDGMENT COMPLAINT**<br><br>Re: Dkt. No. 27 |

　　　　Before the Court is Defendant Proton AG's ("Proton") motion for an order enforcing the parties' settlement agreement, or in the alternative, dismissing Plaintiff Metallicus, Inc.'s ("Metallicus") complaint for declaratory judgment. Dkt. No. 27 ("Mot."). The motion is fully briefed. *See* Dkt Nos. 29 ("Opp.") and 30 ("Reply"). For the reasons provided below, the motion is **DENIED.**

　　　　This a trademark infringement dispute spanning two related lawsuits. The first lawsuit is a declaratory judgment action of non-infringement filed by Metallicus (*Metallicus, Inc. v. Proton Technologies AG*, 4:21-cv-09562-HSG) ("DJ Action"). The second is an infringement action filed by Proton (*Proton AG v. Metallicus, Inc.*, 4:21-cv-09714-HSG) ("Infringement Action"). During the March 15 Case Management Conference, the Court asked the parties to meet and confer about the duplicative lawsuits to avoid wasteful litigation. The parties accordingly spent the following week negotiating the dismissal of the DJ Action in conjunction with other issues relating to the Infringement Action. *See* Dkt. No. 27-2, Declaration of Patrick C. Justman ISO Proton's Motion ("Justman Decl."), Ex. A.

　　　　Proton's lawyer, Patrick Justman, emailed an offer to Metallicus's lawyer, Michael Dergosits, under which (i) Metallicus would withdraw the DJ Action; (ii) Proton would agree to

1  mediate before Metallicus's preferred mediator; (iii) Metallicus would forego motion practice and
2  discovery as to its new, unpled affirmative defense; and (iv) the parties would reserve all rights as
3  to several other issues. *Id.* On Tuesday, March 22, Mr. Dergosits responded that the parties were
4  "in substantial agreement" with Mr. Justman's proposal, except that Metallicus would not agree to
5  forego discovery on its unpled affirmative defense. *Id.* Mr. Dergosits made clear in his response
6  that Metallicus agreed to withdraw the DJ Action by stating: "[i]f and when you confirm that we
7  have an agreement, we will prepare the Rule 41 document for your review and comment before
8  filing." *Id.* On Thursday, March 24, Mr. Justman thanked Mr. Dergosits for his cooperation and
9  wrote: "as it appears we have reached an agreement here, please send the notice for our
10 consideration." *Id.*

11 But then the next day, on March 25, Mr. Dergosits wrote that "[t]here was a
12 miscommunication" on Metallicus's side and that Metallicus was unwilling to dismiss the DJ
13 action. *Id.* Mr. Dergosits now claims that an executive assistant at Metallicus erroneously
14 communicated that Metallicus's Chief Executive and Financial Officers had chosen to dismiss the
15 DJ action, when they actually did not want to do so. *See* Opp. at 2-3.

16 Proton filed the pending motion, which asks the Court to either enforce the agreement or
17 decline to exercise jurisdiction over Metallicus's single declaratory judgment claim on the ground
18 that it is duplicative of the Infringement Action. *See* Mot. In response, Metallicus argues that its
19 miscommunication with Mr. Dergosits negates the existence of an agreement enforceable against
20 Metallicus because Mr. Dergosits did not have express authority to settle the DJ action. *See* Opp.
21 at 3. The Court agrees with Metallicus and declines to enforce the settlement agreement.

22 There is no question that this Court has the inherent power to enforce a settlement
23 agreement in a case pending before it. *See TNT Marketing, Inc. v. Aaresti*, 796 F.2d 276, 278 (9th
24 Cir. 1986). But before it may do so, the moving party, here Proton, must meet its burden of
25 showing that the parties formed a "legally enforceable settlement agreement." *Madani v. Cnty. of*
26 *Santa Clara*, No. 16-CV-07026-LHK, 2019 WL 402362, at *6 (N.D. Cal. Jan. 31, 2019). State
27 contract law governs the construction and enforceability of settlement agreements. *Wilcox v.*
28 *Arpaio,* 753 F.3d 872, 876 (9th Cir. 2014) (citations omitted). Under California law, "[t]he

essential elements of a contract are: parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration." *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civil Code § 1550)). An enforceable settlement agreement must be a "complete agreement," which means that the parties agreed on all material terms. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). And lastly, both parties must have either directly agreed to the settlement terms or authorized their respective counsel to settle the dispute. *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977); *see also Goldie v. Caliber Home Loans, Inc.*, No. 2:16-CV-00962-KJM-DB, 2018 WL 4659576, at *4 (E.D. Cal. Sept. 28, 2018).

The last element is dispositive here. Proton has not met its burden of showing that the parties formed a legally enforceable settlement agreement because it has not presented evidence that Metallicus either directly agreed to settle the DJ Action or authorized Mr. Dergosits to do so.

There is no claim that one of Metallicus's principals directly agreed to the proposed settlement of the DJ Action. Proton instead argues that Mr. Dergosits had actual authority to engage in such negotiations and to bind Metallicus to the proposed settlement. *See* Reply at 4. As evidence, Proton cites Mr. Dergosits' decades of litigation experience, his role as Metallicus's representative at the pretrial conference, his role in negotiating other aspects of the settlement agreement, and his negotiation and consummation of a prior agreement affecting Metallicus's substantive rights in the DJ Action. *Id.* at 5.

Under California law, an attorney does not have implied authority to settle a case through his representative role in pending litigation. *See Madani*, 2019 WL 402362, at *9 (citing *Blanton v. Womancare, Inc.*, 38 Cal. 3d 396, 404 (1985)). Rather, "specific authorization" from the client is required to bind a client to a compromise settlement. *Id.* (citing *Bice v. Stevens*, 160 Cal. App. 2d 222, 231-32 (1958)).

Here, there is no evidence that anyone at Metallicus with the authority to enter a settlement agreement gave Mr. Dergosits "specific authorization" to do so. Irina Berkon, Metallicus's Chief Financial Officer, declares as follows under penalty of perjury: "At no time did I intend to or actually authorize Mr. Dergosits to agree to dismiss the declaratory judgment action. The

3

counterprosal (sic) email that Mr. Dergosits sent to Proton AG's counsel was based upon a misunderstanding and miscommunication between Mr. Dergosits and Metallicus." *See* Dkt. No. 29-2, Declaration Irina Berkon ISO Metallicus' Opposition ¶¶ 2-3.  The CEO's executive assistant has also sworn that he erroneously told Mr. Dergosits to accept the settlement even though Metallicus's CEO and CFO had not decided to do so.  *See* Dkt. No. 29-3, Declaration Nick Jimenez ISO Metallicus' Opposition ¶¶ 2-3.  Based on this record, the Court finds no basis to conclude that Mr. Dergosits had "specific authorization" from Metallicus to bind it to a compromise settlement.

That does not necessarily end the matter.  A client may still bind itself by ratifying the unauthorized acts of its attorney.  *Blanton*, 38 Cal. 3d at 408.  And a client's failure to "promptly disaffirm" its agent's conduct on its behalf could amount to an implied ratification.  *NORCAL Mut. Ins. Co. v. Newton*, 84 Cal. App. 4th 64, 79, 100 Cal. Rptr. 2d 683, 695 (2000).  But here, Proton has not presented any direct evidence of ratification.  And the Court finds that Metallicus promptly disaffirmed Mr. Dergosits's counterproposal by communicating within days that Metallicus in fact had not decided to settle the DJ action.  *See* Dkt. No. 27-2 at 3 ("There was a miscommunication on our side about the counterproposal that I sent to you on Tuesday. Metallicus is not willing to dismiss the declaratory judgment action 09562 HSG.").

Since Proton has not presented compelling evidence that Mr. Dergosits had either "specific authorization" from Metallicus to bind it to the settlement agreement, or that Metallicus ratified his conduct, the Court finds no basis to enforce the agreement.  And while this Court has the discretion to dismiss an action for declaratory judgment, it declines to do so at this time.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008).  Proton's motion is accordingly **DENIED**, but the parties are again encouraged to cooperate with respect to the duplicative lawsuits to avoid wasteful litigation.

**IT IS SO ORDERED.**

Dated: 7/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

4