LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
   *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
   *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
858.523.5400 / 858.523.5450 (Fax)

LATHAM & WATKINS LLP
  Dennis Mai (*admitted pro hac vice*)
   *dennis.mai@lw.com*
1271 Avenue of the Americas
New York, NY 10020
212.906.1200 / 212.751.4864 (Fax)

Attorneys for Defendant
PROTON AG

MORGAN, LEWIS & BOCKIUS LLP
  Carla B. Oakley (Bar No. 130092)
   *carla.oakley@morganlewis.com*
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
415.442.1301 / 415.442.1001 (Fax)

DERGOSITS & NOAH LLP
  Michael E. Dergosits (Bar No. 118206)
   *mdergosits@dergnoah.com*
  Richard A. Nebb (Bar No. 146239)
   *rnebb@dergnoah.com*
One Embarcadero Center, Suite 720
San Francisco, CA 94111
415.705.6377 / 415.705.6383 (Fax)

Attorneys for Plaintiff
METALLICUS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| METALLICUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROTON AG, <br><br> Defendant. | Case No.: 4:21-cv-09562-HSG <br><br> STIPULATION TO CONSOLIDATE CASE SCHEDULE; ORDER **(as modified)** |

WHEREAS, on January 12, 2022, the Court entered a Related Case Order in this declaratory judgment action (the "DJ Action") (Dkt. 14 in Case No. 4:21-cv-09562-HSG) determining that Case No. 21-cv-09714-EJD ("the Infringement Action") was related and should be reassigned to Hon. Haywood S. Gilliam, Jr., who was already presiding over the DJ Action;

WHEREAS, the Court in the Infringement Action entered a Stipulated Protective Order and Stipulated Order Re: Discovery of Electronically Stored Information (Dkts. 36 and 38), but

1   has not yet entered such orders in the DJ Action;

2   WHEREAS, on July 26, 2022, in the DJ Action, the Court entered an Order (Dkt. 33) Denying Motion to Enforce Settlement Agreement or Dismiss Declaratory Judgment Complaint, encouraging the parties to cooperate with respect to coordinating these two lawsuits to avoid wasteful litigation;

6   WHEREAS, after Proton AG filed a Motion for Leave to Amend Complaint to Add Marshall Hayner as An Individual Co-Defendant in the Infringement Action (Dkt. 45), Metallicus, Inc. ("Metal Pay") filed a Statement of Nonopposition to the motion, providing its "written consent to the filing of Plaintiff's Proposed First Amended Complaint" (Dkt. 47);

10   WHEREAS, Proton needs to further revise its Proposed First Amended Complaint in the Infringement Action to account for recent developments related to its trademark registrations (*see* Dkt. 52) and other minor issues and will seek Metal Pay's consent to these changes prior to either filing its revised First Amended Complaint, or seeking leave to amend as necessary, thereby negating the currently scheduled December 8, 2022, hearing if the below proposed schedule is approved;

16   WHEREAS, Metal Pay's pending motion to Extend Amendment of Pleadings/Joinder Deadline in Scheduling Order (Dkt. 43) in the Infringement Action, currently scheduled for December 8, 2022, will be moot if the below proposed schedule is approved;

19   WHEREAS, the Court has not yet set a deadline for amendment of pleadings in the DJ Action, Proton has not yet filed an answer in the DJ Action, and Metal Pay intends to amend its complaint in the DJ Action to account for recent developments and other minor issues and will seek Proton AG's consent to the amendment prior to either filing the Second Amended Complaint, or seeking leave to amend as necessary;

24   WHEREAS, the parties attended a mediation with Judge James Ware (Ret.) of JAMS on August 16, 2022 and were unable to reach settlement during the initial half-day session and anticipate further settlement discussions;

27   WHEREAS, the parties agreed to delay the filing of their respective amended pleadings and reply memorandum related to their pending motions (*see* Dkt. 52 in the Infringement Action)

1  to avoid potentially wasteful litigation prior to the JAMS mediation and related settlement
2  negotiations;

3      WHEREAS, the Infringement Action and the DJ Action involve common questions of
4  law and fact and involve common parties;

5      WHEREAS, discovery in the Infringement Action and the DJ Action involves documents
6  and witnesses located in Switzerland, a nation with strict privacy laws that may form the basis
7  for objections to discovery requests, and which may necessitate the use of the Hague Convention
8  procedures for obtaining relevant documents and deposition testimony;

9      WHEREAS, the parties have agreed upon and propose an amended Case Scheduling
10  Order to apply to both lawsuits, as detailed below:

| Event | Current Deadline | New Proposed Deadline | Change (days) |
|---|---|---|---|
| Amendment of Pleadings / Joinder | July 15, 2022 | September 16, 2022 | 63 |
| Close of Fact Discovery | November 11, 2022 | March 2, 2023 | 111 |
| Exchange of Opening Expert Reports | December 20, 2022 | March 17, 2023 | 87 |
| Exchange of Rebuttal Expert Reports | February 10, 2023 | April 21, 2023 | 70 |
| Close of Expert Discovery | March 10, 2023 | May 12, 2023 | 63 |
| Dispositive and *Daubert* Motion Filing Deadline | April 7, 2023 | June 8, 2023 | 62 |
| Dispositive and *Daubert* Motion Hearing Deadline | June 1, 2023 | July 27, 2023 | 56 |
| Pretrial Conference | August 29, 2023 at 3 p.m. | October 24, 2023 | 56 |
| Jury Trial (7 days) | September 18, 2023 | November 11, 2023 | 54 |

    WHEREAS, the parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), the parties have taken reasonable and proportionate steps to preserve documents and evidence relevant to the issues reasonably evident at this time, and the parties will take reasonable and proportionate steps to preserve documents and evidence relating to issues presented in subsequent amendments to the pleadings, based on their understanding of the issues at the time;

1    WHEREAS, the parties agree that the Northern District's Guidelines for the Discovery of
2 Electronically Stored Information should govern ESI and email discovery;
3    WHEREAS, the parties agree that in the DJ Action, each party should be entitled to take
4 up to 70 hours of deposition testimony for fact witnesses, including third parties (but not
5 experts), notwithstanding the total number of witnesses to be deposed, the parties agree that the
6 one-day, seven hour time limit would still apply for individually noticed witnesses, and the
7 parties agree to reasonably work together to ensure adequate time for witnesses designated to
8 testify on behalf of a company under Rule 30(b)(6), even if that requires more than 7 hours or
9 one day of testimony;
10    WHEREAS, the parties have reviewed the ADR procedures in ADR L.R. 3-5, and have
11 met and conferred pursuant to Civil L.R. 16-8 and ADR L.R. 3-5 and have stipulated to private
12 mediation before JAMS Retired Judge James Ware as the ADR process for this DJ Action;
13    THEREFORE, the parties stipulate that the Infringement Action and the DJ Action
14 remain as separate actions but be consolidated, pursuant to Fed. R. Civ. P. 42(a), for discovery,
15 pre-trial, and trial, absent a showing of good cause for separate trials of the actions, with the Case
16 Scheduling Order proposed above applicable to both actions.  The parties agree that the relevant
17 procedural orders and filings (e.g., Dkts. 24-26, 36, 38, 40) filed or entered in the Infringement
18 Action shall apply to the DJ Action and be treated as if filed or entered in the DJ Action, and that
19 all future filings related to procedural issues, the case schedule, or other similar issues need only
20 be filed in one action or the other, and need not be filed in both actions.  The parties further agree
21 that fact and expert discovery taken in one action can be used in the other action, including the
22 use of deposition testimony and documents and other discovery already obtained in the
23 Infringement Action.  The parties agree that the numerical limitations on discovery and motion
24 practice pursuant to the Federal Rules of Civil Procedure, Local Rules and this Court's Standing
25 Orders will apply separately to the DJ Action and the Infringement Action and that consolidation
26 is not intended to change those per-action limitations.  The parties further agree that they will not
27 engage in duplicative discovery or motion practice.
28

**IT IS SO STIPULATED**.

Dated:  August 22, 2022                                           DERGOSITS & NOAH LLP

By: /s/Michael E. Dergosits
    Michael E. Dergosits

Attorneys for Plaintiff
METALLICUS, INC.

Dated:  August 22, 2022                                           LATHAM & WATKINS LLP

By: /s/Patrick C. Justman
    Patrick C. Justman

Attorneys for Defendant
PROTON AG

**ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that concurrence in the filing of this document has been obtained for all signatories above.

Dated:  August 22, 2022                                           /s/Patrick C. Justman
                                                                  Patrick C. Justman

**PURSUANT TO STIPULATION, IT IS SO ORDERED** except the Court will issue a scheduling order setting/resetting the dates.

Dated:  8/23/2022

Honorable Haywood S. Gilliam, Jr.
United States District Judge